Alejandro PEREZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–70342.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 14, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard Mendez, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Kristin A. Cabral, Esq., Douglas E. Ginsburg, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Alejandro Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision denying Perez's application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to consider Perez's contentions regarding continuous physical presence and his controlled substances conviction because he failed to raise them before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Perez's contention that the IJ violated due process by failing to consider his claim of hardship is unavailing because the IJ's determinations regarding Perez's lack of presence and drug conviction were dispositive of his eligibility for cancellation of removal. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**